UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.  5:21-cv-84-BJB

IN THE MATTER OF THE COMPLAINT OF
ERIC YAEGER, AS OWNER AND OPERATOR
OF THE 2017 SEA DOO RXT-X 300 PERSONAL
WATERCRAFT BEARING IDENTIFICATION
NO. YDV10433B717, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
(Electronically Filed)

COMES NOW the Limitation Plaintiff, Eric Yaeger (hereinafter "Mr. Yaeger" or "Limitation Plaintiff"), as owner and operator of the 2017 Sea Doo RXT-X 300 Personal Watercraft bearing Identification No. YDV10433B717 (hereinafter "2017 Sea Doo Personal Watercraft"), and in support of his Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq*., states as follows:

1. This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE and governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3. Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

1

4. At all relevant times, Limitation Plaintiff Eric Yaeger was and is a citizen of Evansville, Vanderburgh County, State of Indiana, and was and is the owner of the 2017 Sea Doo Personal Watercraft.

5. Prior to the incident that is the subject of this proceeding, and at all relevant times, Mr. Yaeger exercised due diligence to place and maintain the 2017 Sea Doo Personal Watercraft in a seaworthy condition, and the 2017 Sea Doo Personal Watercraft was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged while it was in service.

6. On May 31, 2020, Mr. Yaeger was operating the 2017 Sea Doo Personal Watercraft in Big Bear Bay on Kentucky Lake when the Sea Doo was struck by a tube carrying Kyle Waldridge, which was being pulled by a vessel operated by James Adams (the "Incident").

7. Following the Incident, Mr. Waldridge was transported to Vanderbilt Medical Center in Tennessee for treatment of injuries sustained in the Incident.

8. On May 26, 2021, Mr. Waldridge filed suit against Mr. Yaeger and Mr. Adams in Marshall Circuit Court, Commonwealth of Kentucky, in the action styled *Kyle Waldridge v. Eric C. Yaeger and James Adams*, Marshall Circuit Court, Commonwealth of Kentucky, Civil Action No. 21-CI-00183.

9. The Incident and all losses and damages resulting from it, were not caused by negligence on the part of Mr. Yaeger, or on the part of the 2017 Sea Doo Personal Watercraft itself, or any persons for whom Mr. Yaeger was or is responsible, nor were there any unseaworthy conditions aboard the 2017 Sea Doo Personal

Watercraft which caused or contributed to the Incident. Accordingly, Mr. Yaeger and the 2017 Sea Doo Personal Watercraft are each entitled to be exonerated from all liability for the Incident.

10. Additionally, and/or alternatively, the Incident, and all losses and damages occurring as a result of it, occurred without any privity or knowledge of Mr. Yaeger, and for this reason Mr. Yaeger and the 2017 Sea Doo Personal Watercraft are entitled to limit their liability to the post-accident value of the 2017 Sea Doo Personal Watercraft pursuant to 46 U.S.C. § 30501, *et seq*.

11. Subject to a formal appraisal of Mr. Yaeger's interest in the 2017 Sea Doo Personal Watercraft, Mr. Yaeger offers an *ad interim* stipulation for the value of the 2017 Sea Doo Personal Watercraft in the sum of $14,400.00 United States Dollars and the value of the pending freight in the sum of $0.00 United States Dollars with security, said sum being equal to the aggregate value of Mr. Yaeger's interest in the 2017 Sea Doo Personal Watercraft and its costs in the sum of $250.00 United States Dollars.

12. This Complaint is filed within six (6) months after Mr. Yaeger's receipt of first written notice of a claim that reasonably could exceed the value of the 2017 Sea Doo Personal Watercraft.

13. At the time this Complaint was filed, the 2017 Sea Doo Personal Watercraft was within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky and within this Division.

14. Mr. Yaeger avers that there are no unsatisfied liens or claims of liens arising on the above-reference voyage so far as is known.

WHEREFORE, Limitation Plaintiff, Eric Yaeger, prays:

A. That this Court enter an Order approving an *ad interim* stipulation this day filed by Mr. Yaeger for the value of Mr. Yaeger's interest in the 2017 Sea Doo Personal Watercraft in the amount of $14,400.00 United States Dollars, the value of the 2017 Sea Doo Personal Watercraft's pending freight then earned in the amount of $0.00 United States Dollars, and costs in the amount of $250.00 United States Dollars;

B. That this Court approve the Letter of Undertaking filed as security for the value of the 2017 Sea Doo Personal Watercraft, the value of the pending freight, and the court costs in the total amount of $14,650.00 United States Dollars plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

C. That this Court issue an order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against the Limitation Plaintiff, or against the 2017 Sea Doo Personal Watercraft itself, arising out of or attributable to the Incident;

D. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

E. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

F. That this Court, after due hearing, determine that Limitation Plaintiff and/or the 2017 Sea Doo Personal Watercraft are not liable for any damage on any basis whatsoever in connection with the Incident; and

  G. That, in the alternative, should this Court determine that Limitation Plaintiff and/or the 2017 Sea Doo Personal Watercraft are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Limitation Plaintiff is entitled to limit his liability to the value of his interest in the 2017 Sea Doo Personal Watercraft and that a judgment be entered discharging Limitation Plaintiff and the 2017 Sea Doo Personal Watercraft from any further liability arising from, growing out of, or in connection with the Incident; and, for such other relief as the proof may show appropriate.

  RESPECTFULLY SUBMITTED, this the 22nd day of June, 2021.

        MILLER HAHN, PLLC


        By: /s/ Bobby R. Miller, Jr.
         Bobby R. Miller, Jr., Esq.
         Van F. Sims, Esq.
         2660 West Park Drive, Suite 2
         Paducah, KY 42001
         Telephone: (270) 554-0051
         Facsimile: (866) 578-2230
         Email: bmiller@millerlaw-firm.com
         Email: vsims@millerlaw-firm.com

        Attorneys for Limitation Plaintiff