UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00084-BJB-LLK
(*Consolidated with 5:21-cv-00152-BJB-LLK*)

IN THE MATTER OF THE COMPLAINT OF
ERIC YAEGER, AS OWNER AND OPERATOR
OF THE 2017 SEA DOO RXT-X 300 PERSONAL
WATERCRAFT BEARING IDENTIFICATION
NO. YDV10433b717, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

IN THE MATTER OF THE COMPLAINT OF
JAMES ADAMS, AS CHARTERER AND OPERATOR
OF THE 1998 MARIAH SHABAH MOTORBOAT
BEARING IDENTIFICATION NO. 4HBT2023WD000922,
FOR EXONERATION FROM OR LIMITATION
OF LIABILITY

### ANSWER TO COMPLAINT OF ERIC YAEGER FOR EXONERATION FROM OR LIMITATION OF LIABILITY
(*Electronically Filed*)

Comes now the Limitation Plaintiff, James Adams (hereinafter "Limitation Plaintiff"), as owner and operator of the 1998 Mariah Shabah 20' motorboat, bearing identification No. 4HBT2023WD000922 (hereinafter "1998 Mariah Shabah boat") and in answer to the Claim for Eric Yaeger for exoneration from or limitation of liability, pursuant to 46 U.S.C. §30501, *et. seq.*, does hereby state as follows:

1. In regard to the allegations set forth within Paragraph 1 of Eric Yaeger's Claim, the same are generally admitted however it is denied that this Limitation Plaintiff, James Adams has any liability for causing the subject accident, nor otherwise has any liability for any injuries and/or damages alleged as a result of the accident in issue.

1

2. In regard to the allegations set forth within Paragraph 2 of Eric Yaeger's Claim, the same generally admitted.

3. In regard to the allegations set forth within Paragraph 3 of Eric Yaeger's Claim, the same generally admitted.

4. In regard to the allegations set forth within Paragraph 4 of Eric Yaeger's Claim, this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

5. In regard to the allegations set forth within Paragraph 5 of Eric Yaeger's Claim, the same state conclusions of law to which a response is not required. To the extent a response is deemed required, this Limitation Plaintiff denies that during all times relevant Eric Yaeger exercised due diligence in the operation of the 2017 Sea Doo personal watercraft. In regard to the allegations that Eric Yeager maintained the 2017 Sea Doo personal watercraft in a seaworthy condition, and that such watercraft was allegedly "*tight, staunch, strong, fully and properly equipped and seaworthy in all respects, fit and proper for the service in which it was engaged while it was in service*," this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

6. In regard to the allegations set forth within Paragraph 6 of Eric Yaeger's Claim, it is admitted that on May 31, 2020 Eric Yaeger was operating a 2017 Sea Doo personal watercraft in Big Bear Bay on Kentucky Lake, at which time Eric Yaeger negligently and/or recklessly caused his watercraft to collide into a tube then carrying Kyle

Waldridge. It is further admitted that at the time of the events which give rise to this action, this Limitation Plaintiff James Adams was operating a vessel that was then pulling the tube occupied by Kyle Waldridge. To the extent not admitted herein, the remaining allegations of Paragraph 6 of Eric Yaeger's Claim are denied.

7. In regard to the allegations set forth within Paragraph 7 of Eric Yaeger's Claim, the same are admitted based upon information and belief, however it is denied that this Limitation Plaintiff, James Adams has any liability for causing the subject accident, nor otherwise has any liability for any injuries and/or damages alleged as a result of the accident in issue.

8. In regard to the allegations set forth within Paragraph 8 of Eric Yaeger's Claim, the same are admitted.

9. In regard to the allegations set forth within Paragraph 9 of Eric Yaeger's Claim, the same state conclusions of law to which a response is not required. To the extent a response is deemed required, the same are denied and strict proof thereof is demanded.

10. In regard to the allegations set forth within Paragraph 10 of Eric Yaeger's Claim, the same state conclusions of law to which a response is not required. To the extent a response is deemed required, this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

11. In regard to the allegations set forth within Paragraph 11 of Eric Yaeger's Claim, this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

12. In regard to the allegations set forth within Paragraph 12 of Eric Yaeger's Claim, this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

13. In regard to the allegations set forth within Paragraph 13 of Eric Yaeger's Claim, the same are admitted based upon information and belief.

14. In regard to the allegations set forth within Paragraph 14 of Eric Yaeger's Claim, this Limitation Plaintiff has no basis by which he may either admit or deny the averments, and as such the same must be denied, such allegations are denied, and strict proof thereof is demanded of all such averments and claims.

15. In regard to the allegations set forth in the unnumbered paragraph of Eric Yaeger's Claim which constitutes the Prayer for Relief, specifically including subparagraphs (A), (B), (C), (D), (E), (F) and (G), all such requested relief is denied; and it is further denied that said relief sought therein is proper or warranted in this matter.

16. Any and all other averments contained in Eric Yaeger's Claim not previously admitted or denied herein, are now generally denied and strict proof of the same is demanded.

WHEREFORE, this Limitation Plaintiff demands that Eric Yaeger's Claim be dismissed with prejudice, and that this Limitation Plaintiff receive any other relief that he may be entitled to receive based upon the proof.

### **AFFIRMATIVE DEFENSES**:

This Limitation Plaintiff, James Adams, through counsel, gives notice to Kyle Waldridge and Limitation Plaintiff Eric Yaeger, that at the trial of this action, this Limitation

Plaintiff will offer proof in support of the following Affirmative Defenses:

1. It is affirmatively averred that the Limitation Plaintiff Eric Yaeger has failed to state a claims against this Limitation Plaintiff upon which relief can be granted. Therefore, Eric Yaeger's Claim should be dismissed.

2. It is affirmatively averred that the Complaint filed by Kyle Waldridge in the matter of <u>Kyle Waldridge v. Eric C. Yaeger and James Adams</u>, Marshal Circuit Court, Commonwealth of Kentucky, Civil Action No. 21-CI-00183, fails to state a claims against this Limitation Plaintiff upon which relief can be granted, and therefore Kyle Waldridge's claims against this Limitation Plaintiff should be dismissed.

3. It is affirmatively averred that Limitation Plaintiff Eric Yaeger lacks standing and/or is not a proper party to seek application of the Limitation of Liability Act, 46 U.S.C. §30501, *et. seq.*, to the claims made against him. Limitation Plaintiff Eric Yaeger is not entitled to exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. §30501, et. seq., and the various statutes supplementing or amending the Act and/or the provisions of Rule F of the Supplemental Rules of Admiralty and Maritime Claims.

4. It is affirmatively averred that the incident of May 31, 2020, and all alleged losses and resulting damages, were not caused, or contributed to by any fault or neglect of this Limitation Plaintiff, nor was there any unseaworthy condition aboard the vessel operated by this Limitation Plaintiff which caused or contributed to said incident.

5. It is affirmatively averred that the aforementioned incident of May 31, 2020, and all alleged losses and resulting damages, were caused solely by the fault and negligence of Eric Yaeger.

6. It is affirmatively averred that to the extent this Limitation Plaintiff James Adams is found to be the owner and/or charterer of any vessel that is found to be liable to Kyle Waldridge, this Limitation Plaintiff is entitled to exoneration from such liability, or in the alternative, this Limitation Plaintiff is entitled to limit his liability to the value of the vessel and pending freight pursuant to the Limitation of Liability Act, 46 U.S.C.§30501, *et. seq.*

7. It is affirmatively averred that this Limitation Plaintiff hereby incorporates by reference as set forth herein, any and all affirmative defenses pled or otherwise asserted within its Answer filed in the matter of <u>Kyle Waldridge v. Eric C. Yaeger and James Adams</u>, Marshal Circuit Court, Commonwealth of Kentucky, Civil Action No. 21-CI-00183.

8. It is affirmatively averred that this Limitation Plaintiff reserves the right to supplement this Answer and asset additional defenses to the Claim of Eric Yaeger as the facts may warrant. It is affirmatively averred that this Limitation Plaintiff reserves the right to raise additional affirmative defenses under the Federal Rules of Civil Procedure 12(b) and 8(c) as may be necessary by the discovery of additional facts.

9. It is affirmatively averred that James Adams, as the owner and operator of a 1998 Mariah Shabah motorboat bearing identification No. 4HBT2023WD000922, hereby claims exemption and exoneration from liability for any and all losses or damages of any kind occasioned or incurred by or resulting from the occurrence referred in the Complaint, and from any and all suits and claims which have been or may hereinafter be made against this Limitation Plaintiff, and this Limitation Plaintiff is willing to proceed according to law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime cases.

WHEREFORE, this Limitation Plaintiff, having fully answered and having pled affirmatively, again denies that Eric C. Yaeger and/or Kyle Waldridge is/are entitled to a judgment against him in any amount, on any basis, and again demands that Eric C. Yaeger's claim and the Complaint of Kyle Waldridge filed in the matter of: <u>Kyle Waldridge v. Eric C. Yaeger and James Adams</u>, Marshal Circuit Court, Commonwealth of Kentucky, Civil Action No. 21-CI-00183, be dismissed with prejudice.

Respectfully submitted, this the 28th day of February, 2022.

BATSON NOLAN, PLC

By: */s/ Philip M. Mize*
Philip M. Mize, KY No. 92252
*Attorney for Defendant Adams*
121 South Third Street
Clarksville, Tennessee 37040
Tel:  (931) 647-1501
Fax: (931) 436-9760
pmmize@batsonnolan.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this the 28th day of February, 2022, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. William Kevin Shannon
Bryant Law Center, PSC
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
Tel: (270) 442-1422
Email:  kevin.shannon@bryantpsc.com
*Counsel for Plaintiff Kyle Waldridge*

7

Hon. Bobby R. Miller, Jr., Esq
Hon. Van Sims, Esq.
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, Kentucky 42001
Tel:  (270) 554-0051
Email:  bmiller@millerlaw-firm.com
           vsims@millerlaw-firm.com
*Counsel for Defendant Eric Yaeger*

                              BATSON NOLAN, PLC


                              By **/s/ Philip M. Mize**