UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

*(Electronically Filed)*

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ERIC YAEGER AS OWNER AND OPERATOR OF THE 2017 SEA DOO RXT-X 300 PERSONAL WATERCRAFT BEARING IDENTIFICATION NO. YDV10433B717, FOR EXONERATION FROM OR LIMITATION OF LIABILITY<br><br>-AND-<br><br>IN THE MATTER OF THE COMPLAINT OF JAMES ADAMS AS CHARTERER AND OPERATOR OF THE 1998 MARIAH SHABAH MOTORBOAT BEARING IDENTIIFICATION NO. 4HBT2023WD000922, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 5:21-CV-84-BJB<br><br>*CONSOLIDATED WITH CIVIL ACTION NO. 5:21-CV-152* |

RESPONDENT/CLAIMANT, KYLE WALDRIDGE'S, MOTION TO DISMISS LIMITATION COMPLAINT OF ERIC YAEGER FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW Respondent/Claimant, KYLE WALDRIDGE, and files a Motion to Dismiss the Complaint of Petitioner, ERIC YAEGER, as Owner and Operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717, for Exoneration from or Limitation of Liability, for lack of subject matter jurisdiction.

I.  NATURE AND STAGE OF PROCEEDING

1.    Petitioner, ERIC YAEGER ("YAEGER") initiated this limitation proceeding on June 22, 2021 by filing a complaint and petition for exoneration from or limitation of liability as owner and operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717 ("SEA DOO"). *See* Petitioner's Limitation Complaint, Dkt. No. 1.

1

2.      Respondent/Claimant, KYLE WALDRIDGE, is filing an answer and claim to YAEGER's Limitation Complaint contemporaneously with this Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Respondent/Claimant, KYLE WALDRIDGE, asserts a claim against YAEGER for personal injuries he sustained on or about May 31, 2020 in a boating collision involving the SEA DOO, owned and operated by YAEGER.

## II.   SUMMARY OF ISSUES AND STANDARD OF REVIEW

3.      Respondent/Claimant, KYLE WALDRIDGE, moves for dismissal of Petitioner, YAEGER's, Limitation Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The issue raised by Respondent/Claimant's Motion to Dismiss is whether YAEGER's Limitation Complaint was filed timely.

4.      To reap the benefits available under the Limitation of Shipowners' Liability Act, 46 U.S.C.S. 30501 *et seq.*, a vessel owner is required to bring an action "within 6 months after a claimant gives the owner written notice of a claim." *See* 46 U.S.C. §30511(a).  The timeliness of Petitioner's Complaint turns on which communication constitutes "written notice" sufficient to trigger the six-month limitation period.   Respondent/Claimant, KYLE WALDRIDGE, contends a July 9, 2020 notice letter from his attorneys to Petitioner, YAEGER's, marine insurance carrier served as written notice.  Therefore, YAEGER's June 22, 2021 Limitation Complaint is untimely.

## III.   EVIDENCE SUPPORTING MOTION TO DISMISS

5.      Respondent/Claimant, KYLE WALDRIDGE, relies on the following evidence to support his Motion to Dismiss:

   a. Exhibit A: Kyle Waldridge's state-court petition; and,

   b. Exhibit B: Notice letter from Claimant's counsel.

## IV.   STATEMENT OF RELEVANT FACTS

6.      Respondent/Claimant, KYLE WALDRIDGE, was injured on May 31, 2020 as a result of a boating collision involving YAEGER's vessel, the SEA DOO. *See* **Exhibit A** at pp.2-3.

7.      On July 9, 2020, Claimant's counsel sent a notice letter to Geico Marine Insurance. *See* **Exhibit B** ("Notice Letter"), reproduced in part below (emphasis added):

Leah Dowdell
Geico Marine Insurance
PO Box 5390
Fredericksburg VA 22403

RE:   **Your Insured:    Eric Yaeger**
      **Claim Number:   0139786460101032**
      **My Client:      Kyle Waldridge**
      **Accident Date:  May 31, 2020**

Dear Ms. Dowdell:

   Please be advised that this office has been retained to represent Kyle Underwood in regard to his bodily injury liability claim arising from the above-referenced accident. At your earliest opportunity, please provide me with copies of the following:
   - All accident reports you may have received from any entities who investigated this accident,
   - Any and all statements my client may have given to any Geico representative, and
   - Any and all declaration pages and policies of insurance issued to or providing coverage for your insured at the time of the accident.

   My client is agreeable to allowing Geico access to his accident-related medical records. If you will provide this office with your authorization form, I will forward it to Mr. Waldridge for his signature.
   I look forward to working with you regarding the above matter. If you have any questions or if I may be of any assistance to you, please call me.

The July 9, 2020 Notice Letter was sent by Claimant's counsel to Geico Marine Insurance via facsimile. *Id.* The Notice Letter references YAEGER as the insured, a date of accident of May 31, 2020, the Claimant's name, and a claim number. *Id.* The Notice Letter advises that Claimant's counsel was retained to represent the Claimant on a bodily injury liability claim and asked for accident reports, statements, and insurance policy declaration pages. *Id.* The Notice Letter further

advised that Claimant's counsel would be willing to allow Geico, as YAEGER's insurance carrier for this claim, to have access to the Claimant's accident-related medical records. *Id.*

8. On May 26, 2021, Claimant's counsel filed suit against YAEGER in the Marshall Circuit Court for the Commonwealth of Kentucky. *See* **Exhibit A**. In the state-court petition, KYLE WALDRIDGE asserted a negligence cause of action against YAEGER for his operation of the SEA DOO and sought recovery for damages including medical expenses, loss of earning capacity, and pain and suffering. *Id.*

9. On June 22, 2021 – eleven months after Claimant's counsel had sent a written notice letter to YAEGER's marine insurance carrier for the SEA DOO– YAEGER filed the instant Limitation Complaint as owner and operator of the SEA DOO. *See* Dkt. No. 1. YAEGER offered an *ad interim* stipulation for the value of the SEA DOO in the amount of $14,400. *Id.* at p.3. Geico Marine Insurance Company provided a Letter of Undertaking for YAEGER's Limitation Complaint. *See* Dkt. No. 1-3.

10. YAEGER states his Limitation Complaint was filed within six months of his receipt of first written notice of a claim that could exceed the value of the SEA DOO. *See* Dkt. No. 1 at p.3. The Limitation Complaint does not specify which written communication YAEGER contends is the first written notice of claim. *Id.*

## V.  STANDARD

### A. THE LIMITATION ACT'S SIX-MONTH FILING DEADLINE

11. The Limitation of Shipowners' Liability Act ("Limitation Act") allows a vessel owner to limit its liability for damages, in certain actions, to the value of the vessel involved in the occurrence that gives rise to the action (plus any pending freight). 46 U.S.C.S. § 30501 *et seq*. As a prerequisite for this protection, a complaint filed under the Limitation Act must be filed by

the shipowner within six months after a claimant gives the owner "written notice of a claim." 46 U.S.C. §30511(a). "The purpose of the six-month prescription on the limitation of liability petition is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989)(citing *In re Goulandris*, 140 F.2d 780, 781 (2d Cir. 1944)).

12. The "written notice" requirement under the Limitation Act may be satisfied by a claimant's written communication in lieu of a filed complaint. *See Standard Wholesale Phosphate & Acid Works, Inc. v. Travelers Ins. Co.*, 107 F.2d 373 (4th Cir. 1939). In *RLB Contr., Inc. v. Butler (In re RLB Contracting, Inc.)*, the Fifth Circuit held that pre-suit correspondence between a claimant's counsel and vessel owner's counsel following fatal allusion conveyed reasonable possibility that the vessel owner faced a claim exceeding the vessel's value and therefore constituted "written notice" sufficient to trigger the Limitation Act's six-month time limit. 773 F.3d 596 (5th Cir. 2014). Similarly, *In re CDM Res. Mgmt. LLC*, a claimant's attorney sent a notice of representation letter to a vessel owner that identified the date of incident and vessel name, referenced damages sustained from a vessel allision, and requested relevant records. 2015 U.S. Dist. LEXIS 145465, *4 (E.D. La. Oct. 27, 2015). The district court found the letter was sufficient to put the vessel owner on notice of a possible claim exceeding the vessel's value. *Id.* at *12.

13. The Sixth Circuit has held that the six-month time limit imposed by amendment should be strictly enforced; any ambiguity should be resolved in favor of permitting full recoveries and requiring strict adherence to the statutory requirements for limiting liability. *See Cincinnati Gas & Electric Co. v. Abel*, 533 F.2d 1001 (6th Cir. 1976).

    B.  DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

14. The six-month filing deadline for complaints filed under the Limitation of Shipowners' Liability Act is jurisdictional in nature. *See In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 315 (5th Cir. 2012). A party who alleges that a limitation complaint was filed untimely challenges the district court's subject matter jurisdiction over the complaint. *Id.; see also RLB Contr., Inc.*, 773 F.3d at 601.

15. Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a complaint based on the lack of subject matter jurisdiction. A 12(b)(1) motion to dismiss under may be filed at any point during the litigation. *See* Fed. R. Civ. P. 12(h)(3). In fact, a court is required to dismiss an action if, at any point, it determines that subject-matter jurisdiction is lacking. *Id.*

16. A challenge to subject matter jurisdiction may be "facial" or "factual". *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A "facial attack" looks only to the allegations contained in the complaint itself. In contrast, a "factual attack" "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* Claimant's Motion to Dismiss is a factual attack on YAEGER's Limitation Complaint. As such, Claimant asks the Court to consider matters outside of the pleadings, including the evidence presented as Exhibits A-B.

17. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, Petitioner, YAEGER, bears the burden of proof that jurisdiction does in fact exist and that his Limitation Complaint was filed timely.

## VI. ARGUMENT

18. The Court lacks subject matter jurisdiction over this case because YAEGER's Limitation Complaint was filed more than six months after Claimant, KYLE WALDRIDGE, gave written

notice of a claim. *See* 46 U.S.C. §30511(a).  For YAEGER's Limitation Complaint to be deemed timely, the Court would have to find that the Complaint was filed less than six months after YAEGER had written notice of a claim subject to protection under the Limitation Act.

19.     On July 9, 2020, Claimant, KYLE WALDRIDGE, through his counsel, sent a written notice of his claim to Geico Marine Insurance Company with respect to its insured, YAEGER, for an accident on May 31, 2020.  The Notice Letter references YAEGER as the insured, an accident on May 31, 2020, a claim number, and the Claimant's name. Moreover, the Notice Letter advises that counsel had been retained to represent the Claimant for a bodily injury liability claim.  It sought copies of accident reports, statements, and policy declaration pages. It also advised that Claimant's counsel was willing to allow access to Claimant's medical records.  The Notice Letter showed a reasonable probability that the claim for KYLE WALDRIDGE could exceed the value of the SEA DOO, which YAEGER has stipulated to be worth $14,400.  For these reasons, this Notice Letter sent by Claimant's counsel was sufficient to put YAEGER on notice of a claim for purposes of triggering the six-month deadline under the Limitation Act.  Nonetheless, Yaeger's Limitation Complaint was not filed until June 22, 2021, which over eleven months after this first written communication.  As such, YAEGER's Limitation Complaint was filed untimely.

## VII.     CONCLUSION

For these reasons, Claimant, KYLE WALDRIDGE, moves the Honorable Court for dismissal on Petitioner, YAEGER's, Limitation Complaint for lack of subject matter jurisdiction. Petitioner, YAEGER, initiated this Limitation proceeding more than six months after written notice of KYLE WALDRIDGE's claim.  More than six months prior to the filing of Petitioner's Limitation Complaint, there was both a reasonable possibility of a claim and a reasonable possibility that the claim could have damages in excess of the vessel's value. KYLE WALDRIDGE's written

notice to Geico Marine Insurance Company, YAEGER's marine insurance carrier for the SEA DOO, was sufficient to trigger a six-month deadline for filing a Limitation Complaint. Thus, because YAEGER's Complaint was untimely, the Court lacks subject matter jurisdiction over this matter under the Limitation Act and YAEGER's Limitation Complaint should be dismissed.

Respectfully submitted,

BRYANT LAW CENTER, PSC

/s/ Wm. Kevin Shannon
WM. KEVIN SHANNON
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
Tel: (270) 442-1422
Fax: (270) 443-8788
Kevin.shannon@bryantpsc.com

-AND-

SCHECHTER SHAFFER & HARRIS L.L.P.

/s/ Matthew D. Shaffer
MATTHEW D. SHAFFER*
TBA # 18085600
LAURA B. DE LA CRUZ*
TBA # 24095300
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel:    (713) 524-3500
Fax:    (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com
*Will be seeking admission PHV

Attorneys for Respondent/Claimant, KYLE WALDRIDGE

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing is being filed and served upon all known counsel of record through the Case Management/Electronic Case Filing system for the United States District Court for the Western District of Kentucky in accordance with the Federal Rules of Civil Procedure on this the ___14th___ day of March 2022.

Bobby R. Miller, Jr.
Van F. Sims
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001

Philip M. Mize
Batson Nolan, PLC
121 S. Third Street
Clarksville, TN 37040

                                                ___/s/  Wm. Kevin Shannon___
                                                Wm. Kevin Shannon