UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

*(Electronically Filed)*

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | § | CIVIL ACTION NO. 5:21-CV-84-BJB |
| ERIC YAEGER AS OWNER AND | § | |
| OPERATOR OF THE 2017 SEA DOO RXT- | § | *CONSOLIDATED WITH CIVIL* |
| X 300 PERSONAL WATERCRAFT | § | *ACTION NO. 5:21-CV-152* |
| BEARING IDENTIFICATION NO. | § | |
| YDV10433B717, FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | |
| | § | |
| -AND- | § | |
| | § | |
| IN THE MATTER OF THE COMPLAINT OF | § | |
| JAMES ADAMS AS CHARTERER AND | § | |
| OPERATOR OF THE 1998 MARIAH | § | |
| SHABAH MOTORBOAT BEARING | § | |
| IDENTIIFICATION NO. | § | |
| 4HBT2023WD000922, FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | |

## ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM OF KYLE WALDRIDGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KYLE WALDRIDGE, and files this his Answers, Affirmative Defenses, and Claim in response to the Complaints for Exoneration from or Limitation of Liability filed by Petitioner, ERIC YAEGER as Owner and Operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717, and Petitioner, JAMES ADAMS as Charterer and Operator of the 1998 Mariah Shabah 20' Motorboat Bering Identification No. 4HBT2023WD000922, and would show the court the following:

### I.   PRELIMINARY STATEMENT

Respondent/Claimant, KYLE WALDRIDGE, files the foregoing Answers, Affirmative Defenses, and Claim expressly subject to his Motions to Dismiss the Complaints for Exoneration

from or Limitation of Liability filed by Petitioner, ERIC YAEGER as Owner and Operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717, and Petitioner, JAMES ADAMS as Charterer and Operator of the 1998 Mariah Shabah 20' Motorboat Bering Identification No. 4HBT2023WD000922, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).   Contemporaneously with the filing of his Answers, Affirmative Defenses, and Claim, Respondent/Claimant, KYLE WALDRIDGE, is also filing a Motions to Dismiss Petitioners' Complaint due to the failure of Petitioners to file their respective limitation actions within six (6) months of receipt of KYLE WALDRIDGE's claim as required by 46 U.S.C. §30511(a) and Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Respondent/Claimant, KYLE WALDRIDGE, files the foregoing Answers, Affirmative Defenses, and Claim in response to the Complaints for Exoneration from or Limitation of Liability filed by Petitioner, ERIC YAEGER, and Petitioner, JAMES ADAMS.   The Complaint for Exoneration from or Limitation of Liability filed by Petitioner, ERIC YAEGER, as owner and operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717, was filed as Docket No. 1 in this matter (Case No. 5:21-cv-00084-BJB).   The Complaint for Exoneration from or Limitation of Liability filed by Petitioner, JAMES ADAMS, as Charterer and Operator of the 1998 Mariah Shabah 20' Motorboat Bering Identification No. 4HBT2023WD000922, was filed as Docket No. 1 in Case No. 5:21-cv-152-TBR.   The Court subsequently consolidated both matters and ordered that all pleadings and other documents tendered for filing in the consolidated action be filed in the instant matter, Case No. 5:21-cv-84-BJB. *See* Court Order dated November 18, 2021, Dkt. No. 7.

   II.   <u>ANSWER TO COMPLAINT FILED BY PETITIONER, ERIC YAEGER, AS OWNER AND OPERATOR OF THE 2017 SEA DOO RXT-X 300 PERSONAL</u>

<u>WATERCRAFT BEARING IDENTIFICATION NO. YDV10433B717 FOR
EXONERATION FROM OR LIMITATION OF LIABILITY</u>

Respondent/Claimant, KYLE WALDRIDGE, files this Answer to the Complaint for Exoneration from or Limitation of Liability filed by Petitioner, ERIC YAEGER as Owner and Operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717.

NOW, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claim in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant, KYLE WALDRIDGE, responds to the individual Paragraphs of the Complaint for Exoneration from or Limitation of Liability, upon information and belief, as follows:

1.      The allegations contained in Paragraph 1 of Petitioner's Complaint are a request for relief/conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

2.      The allegations contained in Paragraph 2 of Petitioner's Complaint are a request for relief/conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

3.      The allegations contained in Paragraph 3 of Petitioner's Complaint are a request for relief/conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

4.      The allegations contained in Paragraph 4 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

5.      The allegations contained in Paragraph 5 of Petitioner's Complaint are denied.

6.      The allegations contained in Paragraph 6 of Petitioner's Complaint are denied.

7.      The allegations contained in Paragraph 7 of Petitioner's Complaint are admitted.

8.      The allegations contained in Paragraph 8 of Petitioner's Complaint are admitted.

9.      The allegations contained in Paragraph 9 of Petitioner's Complaint are denied.

10.     The allegations contained in Paragraph 10 of Petitioner's Complaint are denied.

11.     The allegations contained in Paragraph 11 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

12.     The allegations contained in Paragraph 12 of Petitioner's Complaint are denied.

13.     The allegations contained in Paragraph 13 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

14.     The allegations contained in Paragraph 14 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

15.     The allegations contained in Sections 'A' through 'G' of Petitioner's Complaint constitute a request for relief/ conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied. Furthermore, Respondent/Claimant, KYLE WALDRIDGE, alleges the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Respondent/Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.  Respondent/Claimant further allege the Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Respondent/Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or

operators of the vessel(s) involved (i.e., the SEA DOO RXT-X 300 Personal Watercraft bearing identification number YDV10433B717).

### III. AFFIRMATIVE DEFENSES TO COMPLAINT FILED BY PETITIONER, ERIC YAEGER, AS OWNER AND OPERATOR OF THE 2017 SEA DOO RXT-X 300 PERSONAL WATERCRAFT BEARING IDENTIFICATION NO. YDV10433B717 FOR EXONERATION FROM OR LIMITATION OF LIABILITY

AND NOW, Claimant, KYLE WALDRIDGE, asserts the following affirmative defenses to the Complaint filed by Petitioner, ERIC YAEGER, as Owner and Operator of the 2017 SEA DOO RXT-C 300 Personal Watercraft bearing Identification No. YDV10433B717 for Exoneration from or Limitation of Liability:

FIRST DEFENSE

16.    The Complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

SECOND DEFENSE

17.    The Limitation of Liability Act, 46 U.S.C. § 30501 et. seq. is unconstitutional in that it deprives the Respondent/Claimant, KYLE WALDRIDGE, of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

THIRD DEFENSE

18.    The Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. is unconstitutional in that it deprives the Respondent/Claimant of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

FOURTH DEFENSE

19.     The limitation fund is inadequate, and the Complaint should be dismissed because Petitioner, ERIC YAEGER, has failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability.   Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.   Petitioner's deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

FIFTH DEFENSE

20.     The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Respondent/Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

SIXTH DEFENSE

21.     To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Respondent/Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.   In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

SEVENTH DEFENSE

22.     The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Respondent/Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

EIGHTH DEFENSE

23.     The events culminating in the injuries of Respondent/Claimant were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration from of Limitation of Liability should be denied.

NINETH DEFENSE

24.     Respondent/Claimant further alleges that there was insurance coverage on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Respondent/Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

TENTH DEFENSE

25.     Respondent/Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

ELEVENTH DEFENSE

26.     In filing this Answer and Claim, Respondent/Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of

this right and defense and Respondent/Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## TWELVTH DEFENSE

27.    Respondent/Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Respondent/Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Respondent/Claimant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Respondent/Claimant hereby asserts and claim his right to have his claims and damages tried to a jury in the court of his choosing.

## THIRTEENTH DEFENSE

28.    The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant. *See* 46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## FOURTEENTH DEFENSE

29.     Respondent/Claimant reserves the right to contest the appraisal value of the vessel, the 2017 SEA DOO RXT-X 300 Personal Watercraft bearing identification number YDV10433B717, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

FIFTHTEENTH DEFENSE

30.     The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner.

SIXTEENTH DEFENSE

31.     The protection and indemnity insurer of the petitioner and vessel owner, ERIC YAEGER, is not accorded the right by statute to invoke limitation of liability.

SEVENTEENTH DEFENSE

32.     Petitioner's Complaint is untimely because it was filed more than six months after Claimant, KYLE WALDRIDGE, notified Petitioner, ERIC YAEGAR, of his claim.

IV.  ANSWER TO COMPLAINT FILED BY PETITIONER, JAMES ADAMS, AS CHARTERER AND OPERATOR OF THE 1998 MARIAH SHABAH 20' MOTORBOAT BEARING IDENTIFICATION NO. 4HBT2023WD000922

Respondent/Claimant, KYLE WALDRIDGE, files this Answer to the Complaint for Exoneration from or Limitation of Liability filed by Petitioner, JAMES ADAMS as Charterer and Operator of the 1998 MARIAH SHABAH 20' Motorboat Bearing Identification No. 4HBT2023WD000922. This Complaint was originally filed as Docket Entry No. 1 in Case Number 5:21-CV-00152-BJB, which was subsequently consolidated with this present action.

NOW, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claim in state court pursuant to the Savings to Suitors clause, 28

U.S.C. §1333, and all state law remedies, Claimant, KYLE WALDRIDGE, responds to the individual Paragraphs of the Complaint for Exoneration from or Limitation of Liability, upon information and belief, as follows:

33.    The allegations contained in Paragraph 1 of Petitioner's Complaint are a request for relief/conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

34.    The allegations contained in Paragraph 2 of Petitioner's Complaint are a request for relief/conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

35.    The allegations contained in Paragraph 3 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

36.    The allegations contained in Paragraph 4 of Petitioner's Complaint are denied.

37.    The allegations contained in Paragraph 5 of Petitioner's Complaint are admitted.

38.    The allegations contained in Paragraph 6 of Petitioner's Complaint are denied.

39.    The allegations contained in Paragraph 7 of Petitioner's Complaint are denied.

40.    The allegations contained in Paragraph 8 of Petitioner's Complaint are denied for lack of sufficient information to justify a belief herein.

41.    The allegations and statements contained in Sections 'a' through 'g' of Petitioner's Complaint constitute a request for relief/ conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied. Furthermore, Respondent/Claimant, KYLE WALDRIDGE, alleges the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Respondent/Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments

to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. Respondent/Claimant further allege the Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Respondent/Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel(s) involved (i.e., the 1998 MARIAH SHABAH Motorboat Bearing Identification No. 4HBT2023WD000922).

## V. AFFIRMATIVE DEFENSES TO COMPLAINT FILED BY PETITIONER, JAMES ADAMS, AS CHARTERER AND OPERATOR OF THE 1998 MARIAH SHABAH 20' MOTORBOAT BEARING IDENTIFICATION NO. 4HBT2023WD000922

AND NOW, Claimant, KYLE WALDRIDGE, asserts the following affirmative defenses to the Complaint filed by Petitioner, JAMES ADAMS, as Charterer and Operator of the 1998 Mariah Shabah 20' Motorboat Bearing Identification No. 4HBT2023WD000922 for Exoneration from or Limitation of Liability:

### FIRST DEFENSE

42.     The Complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

43.     The Limitation of Liability Act, 46 U.S.C. § 30501 et. seq. is unconstitutional in that it deprives the Respondent/Claimant, KYLE WALDRIDGE, of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

11

## THIRD DEFENSE

44.     The Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. is unconstitutional in that it deprives the Respondent/Claimant of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

## FOURTH DEFENSE

45.     The limitation fund is inadequate, and the Complaint should be dismissed because Petitioner, JAMES ADAMS, has failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioner's deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FIFTH DEFENSE

46.     The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Respondent/Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

## SIXTH DEFENSE

47.     To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Respondent/Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## SEVENTH DEFENSE

48.     The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Respondent/Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

## EIGHTH DEFENSE

49.     The events culminating in the injuries of Respondent/Claimant were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration from of Limitation of Liability should be denied.

## NINETH DEFENSE

50.     Respondent/Claimant further alleges that there was insurance coverage on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Respondent/Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## TENTH DEFENSE

51.     Respondent/Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## ELEVENTH DEFENSE

52.     In filing this Answer and Claim, Respondent/Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense and Respondent/Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

TWELVTH DEFENSE

53.     Respondent/Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Respondent/Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Respondent/Claimant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Respondent/Claimant hereby asserts and claim his right to have his claims and damages tried to a jury in the court of his choosing.

THIRTEENTH DEFENSE

54.     The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant. *See* 46 U.S.C. § 30501, *et seq*.; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND

14

MARITIME LAW 2nd Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

FOURTEENTH DEFENSE

55.     Respondent/Claimant reserves the right to contest the appraisal value of the vessel, the 1998 Mariah Shabah Motorboat Bearing Identification No. 4HBT2023WD000922, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

FIFTHTEENTH DEFENSE

56.     The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner.

SIXTEENTH DEFENSE

57.     The protection and indemnity insurer of the petitioner and vessel owner, ERIC YAEGER, is not accorded the right by statute to invoke limitation of liability.

SEVENTEENTH DEFENSE

58.     Petitioner's Complaint is untimely because it was filed more than six months after Claimant, KYLE WALDRIDGE, notified Petitioner, JAMES ADAMS, of his claim.

VI. <u>CLAIM OF KYLE WALDRIDGE</u>

AND NOW, specifically reserving all defenses asserted herein, including, without limitation, Respondent/Claimant, KYLE WALDRIDGE's, right to pursue his claims in the forum of his choice pursuant Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, and the general maritime law of the United States, Respondent/Claimant, KYLE WALDRIDGE, files his Claim in the Complaints for Exoneration from or Limitation of Liability filed by

Petitioner, ERIC YAEGER, as Owner and Operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717, and Petitioner, JAMES ADAMS, as Charterer and Operator of the 1998 Mariah Shabah Motorboat Bearing Identification No. 4HBT2023WD000922, and states as follows:

59.     Claimant, re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

60.     Claimant's cause of action arises under the general maritime law of the United States and any other applicable statute.

61.     Claimant, KYLE WALDRIDGE is a resident of Livingston County, Kentucky.

62.     At all material times, Petitioner, ERIC YAEGER, was the owner and/or operator of the 2017 SEA DOO RXT-X 300 Personal Watercraft Bearing Identification No. YDV10433B717 (hereinafter "SEA DOO").

63.     At all material times, Petitioner, JAMES ADAMS, was the Charterer and/or operator of the 1998 MARIAH SHABAH Motorboat Bearing Identification No. 4HBT2023WD000922 (hereinafter "MARIAH SHABAH").

64.     KYLE WALDRIDGE's Claim arises from a boating collision on or about May 31, 2020.

65.     At all material times, the SEA DOO and the MARIAH SHABAH were in navigable waters of Kentucky Lake in Marshall County, Kentucky.

66.     At all material times, Claimant, KYLE WALDRIDGE, was a guest passenger on the MARIAH SHABAH.

67.     At all material times, Petitioner, ERIC YAEGER, was operating the SEA DOO.

68.     On or about May 31, 2020, Petitioner, JAMES ADAMS, was operating the MARIAH SHABAH in Big Bear Bay on Kentucky Lake, and Claimant, KYLE WALDRIDGE, was being pulled behind said boat on a tube.

69.     On or about May 31, 2020 at approximately 12:59 p.m., the SEA DOO being operated by Petitioner, ERIC YAEGER, collided with Claimant, KYLE WALDRIDGE.

70.     As a result of the occurrence, Claimant, KYLE WALDRIDGE sustained serious and debilitating injuries to his body.

71.     Moreover, as a result of the occurrence, Plaintiff incurred medical expenses, will incur future medical expenses, lost wages, sustained permanent impairment to his earning capacity, and was caused to suffer mental and physical pain and suffering, both in the past and future, including loss of enjoyment of life.

<u>CAUSE OF ACTION FOR NEGLIGENCE OF PETITIONER, ERIC YAEGER</u>

72.     Claimant hereby asserts an action for negligence against Petitioner, ERIC YAEGER, under the general maritime law of the United States and any applicable Kentucky state law.

73.     Claimant repeats, re-alleges and readopts the paragraphs above, as if stated herein and further alleges:

74.     Petitioner, ERIC YAEGER, owed a duty to exercise reasonable care in his operation as owner and operator of the SEA DOO.

75.     At the time of the occurrence on or about May 31, 2020, Petitioner, ERIC YAEGER, was negligent in the following respects:

    a.      In failing to operate the SEA DOO in a safe manner;
    b.      In failing to watch for other vessels and persons nearby;
    c.      In failing to account for the safety of other vessels and persons in the water;
    d.      In failing to provide any warning before the collision;
    e.      In failing to take appropriate action to avoid the collision;

      f.      Other acts and/or omissions that may be discovered prior to the trial of this matter.

76.    As a result of the collision, Respondent/Claimant, KYLE WALDRIDGE, suffered severe injuries to his body, and his injuries were proximately caused, in whole or in part, by the negligence of Petitioner, ERIC YAEGER, and/or his agents, servants, or employees.

77.    Respondent/Claimant KYLE WALDRIDGE has sustained the following damages for which he seeks, and is entitled to, recovery from Petitioner, ERIC YAEGER.

      a.      Physical pain and suffering in the past and in the future;
      b.      Mental anguish in the past and in the future;
      c.      Loss of earning capacity in the past and in the future;
      d.      Physical disfigurement and physical impairment in the past and in the future;
      e.      Permanent physical scarring and disability;
      f.      Compensatory damages in excess of the amount of One Million and no/100's ($1,000,000.00) dollars; plus found fringe benefits; and,
      g.      Prejudgment interest.

78.    Petitioner, ERIC YAEGER, is not entitled to the protection of the Limitation of Liability Act in that he had privity or knowledge of the negligent condition, acts, or omissions, which proximately caused Respondent/Claimant's injuries.

79.    Respondent/Claimant, KYLE WALDRIDGE, requests a trial by jury.

<u>CAUSE OF ACTION FOR NEGLIGENCE OF PETITIONER, JAMES ADAMS</u>

80.    Claimant hereby asserts an action for negligence against Petitioner, JAMES ADAMS, under the general maritime law of the United States and any applicable Kentucky state law.

81.    Claimant repeats, re-alleges and readopts the paragraphs above, as if stated herein and further alleges:

82.    Petitioner, JAMES ADAMS, owed a duty to exercise reasonable care in his operation as charterer and operator of the MARIAH SHABAH.

83.     At the time of the occurrence on or about May 31, 2020, Petitioner, JAMES ADAMS, was negligent in the following respects:

      a.    In failing to operate the MARIAH SHABAH in a safe manner;
      b.    In failing to watch for other vessels and persons nearby;
      c.    In failing to account for the safety of other vessels and persons in the water;
      d.    In failing to provide any warning before the collision;
      e.    In failing to take appropriate action to avoid the collision;
      f.    Other acts and/or omissions that may be discovered prior to the trial of this matter.

84.     As a result of the collision, Respondent/Claimant, KYLE WALDRIDGE, suffered severe injuries to his body, and his injuries were proximately caused, in whole or in part, by the negligence of Petitioner, JAMES ADAMS, and/or his agents, servants, or employees.

85.     Respondent/Claimant KYLE WALDRIDGE has sustained the following damages for which he seeks, and is entitled to, recovery from Petitioner, JAMES ADAMS.

      h.    Physical pain and suffering in the past and in the future;
      i.    Mental anguish in the past and in the future;
      j.    Loss of earning capacity in the past and in the future;
      k.    Physical disfigurement and physical impairment in the past and in the future;
      l.    Permanent physical scarring and disability;
      m.    Compensatory damages in excess of the amount of One Million and no/100's ($1,000,000.00) dollars; plus found fringe benefits; and,
      n.    Prejudgment interest.

86.     Petitioner, JAMES ADAMS, is not entitled to the protection of the Limitation of Liability Act in that he had privity or knowledge of the negligent condition, acts, or omissions, which proximately caused Respondent/Claimant's injuries.

87.     Respondent/Claimant, JAMES ADAMS, requests a trial by jury.

VII.    <u>CONCLUSION AND PRAYER</u>

    WHEREFORE, PREMISES CONSIDERED, Respondent/Claimant prays that he has the following relief:

19

(a)    That ERIC YAEGER's Complaint and Petition for Exoneration from or Limitation of Liability be in all things denied;

(b)    That JAMES ADAMS' Complaint and Petition for Exoneration from or Limitation of Liability be in all things denied;

(c)    Actual damages and costs incurred herein;

(d)    Pre-Judgment interest at the maximum rate allowed by law;

(e)    Post-judgment interest at the maximum rate allowed by law; and

(f)    Such other relief to which Respondent/Claimant may be justly entitled.

Respectfully submitted,

BRYANT LAW CENTER, PSC

*/s/ Wm. Kevin Shannon*
WM. KEVIN SHANNON
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
Tel: (270) 442-1422
Fax: (270) 443-8788
Kevin.shannon@bryantpsc.com

-AND-

SCHECHTER SHAFFER & HARRIS L.L.P.

*/s/ Matthew D. Shaffer*
MATTHEW D. SHAFFER*
TBA # 18085600
LAURA B. DE LA CRUZ*
TBA # 24095300
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel:     (713) 524-3500
Fax:     (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com
*Will be seeking admission PHV*

Attorneys for Respondent/Claimant, KYLE WALDRIDGE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing is being filed and served upon all known counsel of record through the Case Management/Electronic Case Filing system for the United States District Court for the Western District of Kentucky in accordance with the Federal Rules of Civil Procedure on this the ___14____ day of March 2022.

Bobby R. Miller, Jr.
Van F. Sims
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001

Philip M. Mize
Batson Nolan, PLC
121 S. Third Street
Clarksville, TN 37040

_____*/s/ Wm. Kevin Shannon*_____
Wm. Kevin Shannon