UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:21-cv-00084-BJB-LLK
CASE NO. 5:21-cv-00152-BJB-LLK

IN THE MATTER OF THE COMPLAINT OF
ERIC YAEGER, AS OWNER AND OPERATOR
OF THE 2017 SEA DOO RXT-X 300 PERSONAL
WATERCRAFT BEARING IDENTIFICATION
NO. YDV10433B717, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

IN RE JAMES ADAMS, AS
OWNER AND OPERATOR OF
THE 1998 MARIAH SHABAH
20' MOTORBOAT BEARING
ID. NO. 4HBT2023WD000922

RESPONSE TO CLAIMANT, KYLE WALDRIDGE'S, MOTION TO DISMISS
LIMITATION COMPLAINT OF ERIC YAEGER FOR
LACK OF SUBJECT MATTER JURISDICTION
(Electronically Filed)

COMES the Limitation Plaintiff, Eric Yaeger ("Mr. Yaeger"), by counsel, and in response to the Motion to Dismiss Limitation Complaint of Eric Yaeger for lack of subject matter jurisdiction (Doc. No. 11) filed by Claimant, Kyle Waldridge ("Mr. Waldridge"), states as follows:

SUMMARY OF THE ARGUMENT

Contrary to Mr. Waldridge's assertion, the issue of whether Mr. Yaeger's Limitation Complaint was timely filed pursuant to 46 U.S.C. § 30511(a) is not a jurisdictional issue, and the law on which Mr. Waldridge relies for this proposition has been overturned. Even if the Court were to consider Mr. Waldridge's Motion on grounds other than subject matter

jurisdiction, Mr. Waldridge has failed to carry his burden to establish that Mr. Yaeger had the required written notice that Mr. Waldridge's claim could exceed the value of Mr. Yaeger's 2017 SEA DOO RXT-X 300 Personal Watercraft bearing Identification No. YDV10433B717 (the "Watercraft") more than six months prior to Mr. Yaeger's institution of this action, so as to trigger the running of the limitation period. Based on the foregoing, Mr. Waldridge's motion should be denied.

## ARGUMENT

A.     <u>The six-month limitation period is not jurisdictional.</u>

Mr. Yaeger is correct that the Limitation of Shipowners' Liability Act (the "Limitation Act") contains a requirement that a Limitation Complaint must be filed within six months of the shipowner being provided written notice of a claim by a claimant. 46 U.S.C. §30511(a). However, he is incorrect that the six-month deadline is jurisdictional in nature. Specifically, the two cases on which Mr. Waldridge relies for this proposition, *RLB Contr., Inc. v. Butler* (*In re RLB Contracting, Inc.*), 773 F.3d 596 (5th Cir. 2014) and *In re: Eckstein Marine Serv. L.L.C.,* 672 F.3d 310 (5th Cir. 2012), were overruled by the subsequent Fifth Circuit decision in *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021).

In *Bonvillian Marine*, a shipowner brought an action under the Limitation Act. Relying on *Eckstein Marine*, the district court found the action was untimely and dismissed the suit for lack of subject matter jurisdiction based on the time limitation set forth in 46 U.S.C. § 30511(a). *Bonvillian Marine*, 19 F.4th at 789. On appeal, the Fifth Circuit reviewed the relevant law since *Eckstein Marine* was decided, including the United States Supreme Court decision in *United States v. Kwai Fun Wong*, 575 U.S. 402, 135 S.Ct.

1625 (2015), which the *Bonvillian Marine* court found contained an "implicit overruling of *Eckstein*." *Bonvillian Marine*, 19 F.4th at 794.

Based on its review of the controlling law, including *Kwai Fun Wong*, the *Bonvillian Marine* court went on to hold as follows: "The time limitation set forth in 46 U.S.C. § 30511(a) is a mere claim-processing rule which has no bearing on a district court's subject matter jurisdiction." *Bonvillian Marine*, 19 F.4th at 794. On this basis, the Fifth Circuit reversed the district court decision. *Id*. This recent ruling by the Fifth Circuit in *Bonvillian Marine* is consistent with other recent Circuit decisions, finding that the Limitation Act's six-month filing requirement is not jurisdictional, but rather a non-jurisdictional claim processing rule, and thus not subject to a motion to dismiss for lack of subject matter jurisdiction. *See, e.g.*, *Orion Marine Construction, Inc. v. Carol*, 918 F.3d 1323, 1329 (11th Cir. 2019).

On the basis of *Bonvillian Marine* and *Orion Marine*, even if Mr. Yaeger's Complaint was not timely filed, which is denied, that does not deprive the Court of subject matter jurisdiction. Accordingly, Mr. Waldridge's motion to dismiss Mr. Yaeger's Complaint on the basis of lack of subject matter jurisdiction should be denied.

B. <u>Mr. Yaeger did not have the required notice of claim more than six months before the suit was filed.</u>

Although Mr. Waldridge's motion to dismiss for lack of subject matter jurisdiction should be denied, if the Court were to take up the issue as either a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment, Mr. Waldridge has still failed to carry his burden to establish that Mr. Yaeger's Limitation Complaint was not timely filed.

If the Court were to consider Mr. Waldridge's motion a Rule 12(b)(6) motion to dismiss, the Court "must construe the complaint in a light most favorable to plaintiffs,

accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Under Rule 12(b)(6), the defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).

Under this standard, Mr. Yaeger's Complaint, which alleges that it is filed within six months of Mr. Yaeger's first receiving written notice of a claim that reasonably could exceed the value of the Watercraft,[1] must be construed as true, and Mr. Yaeger's Complaint states a plausible claim on its face, so as to survive any Rule 12(b)(6) challenge.

Even if the Court were to consider Mr. Waldridge's motion as a Rule 56 motion for summary judgment, there are issues of fact that prevent such a motion from being granted. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue concerning a material fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there is a genuine dispute of material fact, the court must consider all evidence in the light most favorable to the plaintiff as the nonmovant. *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).

---

[1] Doc. No. 1, ¶12.

In addition, summary judgment at this stage would be premature where no discovery has been conducted into this issue. *See, e.g.*, *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d. 229, 231 (6th Cir. 1994) (holding that a pre-discovery motion for summary judgment is premature as "the grant of summary judgment, absent any opportunity for discovery" offends concepts of fundamental fairness). On this basis alone, Mr. Waldridge's motion should be denied. Nevertheless, even if the Court were to examine the facts at issue, summary judgment would not be appropriate.

The pertinent facts here revolve around the written notice provided by Mr. Waldridge to Mr. Yaeger and the timing of same. The relevant law provides that in determining whether written notice of a claim is sufficient to trigger the six-month period for filing a Complaint under the Limitation Act, a two-part inquiry is typically performed, namely (1) whether a writing communicates the reasonable possibility of a claim, and (2) whether it communicates the reasonable possibility of damages in excess of the vessel's value. *Complaint of RLB Contracting, Inc. v. Butler*, 773 F.3d 596, 602–603 (5th Cir. 2014). Only when both factors are met is notice considered sufficient.

Oral notice is insufficient to trigger the running of the six-month period. *Orion Marine Construction, Inc. v. Carroll*, 918 F.3d 1323, 1333 (11th Cir. 2019). In addition, the fact that someone has reduced an oral communication to writing does not transform an invalid oral notice into a valid written notice under the Limitation Act. *Id.* Nor is written notice to or from a third party sufficient to trigger the six-month period. *Id.* Finally, mere knowledge by the shipowner is not enough to commence the running of the six-month period. *In the Matter of the Complaint of Dolphin Services, Inc.*, Nos. Civ.A. 99–1883, Civ.A. 99–185, 1999 WL 694086 at *4 (E.D.La. Sept. 7, 1999), citing *Complaint of*

*Okeanos Ocean Research Foundation, Inc.*, 704 F.Supp. 412, 414 (S.D.N.Y.1989). Rather, it is written notice from the claimant that triggers the running of the relevant time period.

The relevant written communications from the claimant through his counsel, and the date of those communications, are as follows:

- July 9, 2020 - a letter of representation from Mr. Waldridge's counsel to the GEICO BoatUS adjuster, which makes no mention of Mr. Waldridge's injuries or medical treatment, other than in a general way.[2]

- November 4, 2020 - a letter from the GEICO BoatUS adjuster to Mr. Waldridge's attorney enclosing a medical record authorization to allow Geico to obtain the relevant records of Mr. Waldridge's medical treatment.[3]

- April 12, 2021 – an email from Mr. Waldridge's counsel's office, stating they do not have all of the medical documentation they would like to have, but note, for the first time, that Mr. Waldridge's medical expenses are $48,684.00. Attached to the email were September 1, 2020 and April 12, 2021 emails from "DXC Technology" identifying medical expenses to date, which GEICO BoatUS had no notice of until it received the April 12, 2021 email from Mr. Waldridge's counsel.[4]

---

[2] Doc. No. 11, Exhibit A.

[3] See Declaration of John Nichols, attached hereto as Exhibit "A" and November 4, 2020 letter from Leah Dowdell to Wm. Kevin Shannon, attached as Exhibit "A-1".

[4] See April 12, 2021 email from Judy Storm to Leah Dowdell, including attached September 1, 2020 and April 12, 2021 emails, attached hereto as Exhibit "A-2".

The initial letter of representation from Mr. Waldridge's counsel contained no information regarding his injuries, medical treatment, or expenses incurred to date. In short, it did nothing to communicate the reasonable possibility of damages that could exceed the value of Mr. Yaeger's Watercraft. Similar letters have routinely been found not to communicate sufficient notice to trigger the running of the six-month period. *See, e.g.*, *Matter of Brava Cruz, L.L.C.*, 475 F.Supp.3d 646, 654 (S.D. Tex. 2020) (finding that letter sent by attorney for claimant failed to provide written notice that sufficiently revealed reasonable possibility that claimant's action would exceed the value of vessel where letter was silent as to nature of the alleged injury or damages and letter failed to reference any alleged medical treatment or even injury); *Group Therapy. Inc. v. White*, 280 F.Supp.2d 21, 33–35 (W.D.N.Y. 2003) (letter advising that counsel had been retained, identifying the date and location of the accident and the boat involved and requesting that owner contact his attorney and insurer, but failing to describe the type of injury sustained or details on how the injuries were suffered, or notifying owner of a potential claim against him that might exceed the value of the vessel does not qualify as sufficient notice); *In re UFO Chuting of Haw., Inc.*, 233 F.Supp.2d 1254, 1258 (D. Haw. 2001) (notice insufficient where letter stated only that claimant had suffered injuries without including a description thereof, the meaning of her reference to "substantial medical expenses," or that a claim was being made against the vessel owner), *In Matter of Capital Marine Supply, Inc.*, Nos. Civ. A. 95–0844, Civ. A. 95–0846, Civ. A. 95–0847, 1995 WL 550974, at *1–2 (E.D.La. Sept. 12, 1995) (letter giving no details of accident beyond date of occurrence and failing to state a specific demand of right, a direct claim of liability aimed at any certain party, or

alleging any obligation due beyond compensation under the LHWCA insufficient to trigger statute).

Only after the GEICO BoatUS representative requested that Mr. Waldridge execute a medical authorization to allow GEICO BoatUS to obtain information regarding Mr. Waldridge's injuries and medical treatment did Mr. Waldridge's counsel provide on April 12, 2021, for the first time, the cost of the medical treatment Mr. Waldridge had undergone to date. Just over two months after receipt of this email, Mr. Yaeger filed the instant limitation action on June 22, 2021.[5]

As the April 12, 2021 email from the office of Mr. Waldridge's counsel was the first written communication that contained any reference to the nature of Mr. Waldridge's injuries or the cost of his subsequent medical treatment, that email is the first writing that communicated the reasonable possibility that Mr. Waldridge's claim could exceed the value of Mr. Yaeger's Watercraft. Thereafter, Mr. Yaeger acted promptly to file the instant limitation action, which was filed well within six months of the April 12, 2021 email.

The foregoing shows that Mr. Yaeger timely filed the instant limitation action once he had notice that Mr. Waldridge's claim could exceed the value of his Watercraft. At a minimum, where no discovery has been conducted, it is premature for the Court to find as a matter of law that Mr. Waldridge has carried his burden to demonstrate that Mr. Yaeger was not timely in filing the instant suit. As a result, regardless of the grounds which the Court uses to consider Mr. Waldridge's motion, it is not supported by the law or the facts and should be denied.

RESPECTFULLY SUBMITTED, this the 4th day of April, 2022.

---

[5] Doc. No. 1.

        MILLER HAHN, PLLC

        By: /s/ Bobby R. Miller, Jr.
            Bobby R. Miller, Jr., Esq.
            Van F. Sims, Esq.
            2660 West Park Drive, Suite 2
            Paducah, KY 42001
            Telephone: (270) 554-0051
            Facsimile: (866) 578-2230
            Email: bmiller@millerlaw-firm.com
            Email: vsims@millerlaw-firm.com

        Attorneys for Limitation Plaintiff, Eric Yaeger

## CERTIFICATE OF SERVICE

    I hereby certify that I have this the 4th day of April, 2022, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Wm. Kevin Shannon, Esq.
Bryant Law Center, PSC
601 Washington Street
PO Box 1876
Paducah, KY 42002-1876
Telephone: (270) 442-1422
Facsimile: (270) 443-8788
Email: kevin.shannon@bryantpsc.com

Matthew D. Shaffer, Esq.
Laura B. De La Cruz, Esq.
Schechter, McElwee, Shaffer & Harris, LLP
3200 Travis, 3rd Floor
Houston, TX 77006
Telephone: (713) 524-3500
Facsimile: (866) 696-5610
mshaffer@smslegal.com
ldelacruz@smslegal.com

*Attorney for Kyle Waldridge*

Philip M. Mize, Esq.
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040
Telephone: (931) 647-1501
Facsimile: (931) 648-7846
Email: pmmize@batsonnolan.com
　　　　blsmith@nolanbatson.com

*Attorney for Limitation Plaintiff, James Adams*

                                             /s/ Bobby R. Miller, Jr.
                                             Attorney for Limitation Plaintiff, Eric Yaeger