UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:21-CV-00084-BJB-LLK
Consolidated With
CASE NO. 5:21-CV-00152-BJB-LLK

IN THE MATTER OF THE COMPLAINT OF
ERIC YAEGER, AS OWNER AND OPERATOR
OF THE 2017 SEA DOO RXT-X 300 PERSONAL
WATERCRAFT BEARING IDENTIFICATION
NO. YDV10433B717, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

IN RE JAMES ADAMS, AS
OWNER AND OPERATOR OF
THE 1998 MARIAH SHABAH
20' MOTORBOAT BEARING
ID. NO. 4HBT2023WD000922

---

### JOINT REPORT AND PROPOSED DISCOVERY PLAN
(Electronically Filed)

---

Come the parties, by their respective counsel, pursuant to FED.R.CIV.P. 26(f) and the Order of this Court dated February 16, 2023 (DN 35), and hereby submit this Joint Report and Proposed Discovery Plan for the above-captioned case.

(a) A Rule 26(f) telephonic conference was held on March 8, 2023, with the following counsel:

> Bobby R. Miller, Jr., Esq., Van F. Sims, Esq., and Allan C. Crane, Esq., on behalf of Eric Yaeger
>
> Philip M. Mize, Esq., on behalf of James Adams
>
> Laura B. De La Cruz, Esq., on behalf of Kyle Waldridge

(b) A brief description of the facts and issues in the case:

On Memorial Day, May 31, 2020, James Adams was operating his 1998 Mariah Shabah motorboat on Kentucky Lake while pulling a ski tube behind the boat. Kyle Waldridge was riding on the ski tube during an outing on the lake hosted by James Adams for four employees including Kyle Waldridge. At the same time, Eric Yaeger was operating his 2017 Sea Doo RXT-X 300 personal watercraft on Kentucky Lake. The boat operated by James Adams while Kyle Waldridge was the passenger towed on the ski tube approached the area where Eric Yaeger was operating his Sea Doo. After the respective vessels passed each other, the ski tube that was being pulled behind the boat operated by James Adams made contact with the Sea Doo operated by Eric Yaeger. Kyle Waldridge was knocked from the ski tube following the contact. He was subsequently removed from the water and transferred to Vanderbilt Medical Center in Nashville, Tennessee for treatment of his injuries.

At issue will be the liability for the incident, whether Mr. Adams and Mr. Yaeger are entitled to limit their liability pursuant to the Limitation of Liability Act, Mr. Waldridge's injuries and damages, as well as when he recovered, and his ability to return to work.

(c) The parties' views and proposals on each of the items set forth in Federal Rule of Civil Procedure 26(f)(3) and in paragraph 4 of the Order of February 16, 2023 are as follow:

> (i) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The parties do not propose any changes to the form or requirements for Rule 26(a) disclosures. With respect to timing, the parties propose that initial disclosures be made by March 31, 2023.

(ii) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Proposed Discovery Plan:

|  | Parties proposed deadlines |
|---|---|
| Deadline for completing initial disclosures | March 31, 2023 |
| Deadline for amending pleadings or joining parties | July 14, 2023 |
| Fact discovery cutoff | December 1, 2023 |
| Deadline for supplementing disclosures and responses | December 1, 2023 |
| Deadline for Waldridge's expert reports | January 5, 2024 |
| Deadline for Adams' and Yaeger's expert reports | March 5, 2024 |
| Deadline for rebuttal expert reports | April 5, 2024 |
| Expert discovery cutoff | May 31, 2024 |
| Deadline for filing dispositive motions | July 1, 2024 |
| Filing of pretrial motions and materials, including witness and exhibit lists | September 2, 2024 |
| Final date to file objections under Rule 26(a)3 | September 16, 2024 |
| Bench Trial (4-5 days) | December, 2024 |

Proposed Discovery Subjects:

The parties believe that the nature and scope of the alleged causes of action require discovery on the following:

1. The facts and circumstances surrounding Mr. Waldridge's injury;

2. Mr. Waldridge's medical treatment, recovery, ability to return to work;

3. Mr. Waldridge's asserted damages; and

4. Mr. Adams' and Mr. Yaeger's ability to limit their liability.

(iii) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

3

The parties are not aware of any such issues and agree that electronically stored information shall be produced in PDF format unless a party otherwise requests the document be produced in native format.

 (iv) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The parties are not aware of any particular issues regarding privilege requiring the entry of an order under Federal Rule of Evidence 502 but will address the issue with the Court to the extent it arises.

 (v) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The parties propose no changes to the discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Kentucky.

 (vi) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties do not presently request any such orders be issued.

 (vii) Formulation and simplification of the issues.

The parties have discussed streamlining discovery efforts and engaging in targeted discovery to allow for further evaluation of the parties' positions and potential alternative dispute resolution.

 (viii) Admissions and stipulations of fact.

The parties have not identified any admissions or stipulations of fact to date, although facts to which the parties may stipulate may be identified as discovery proceeds.

 (ix) The need for experts.

The parties have not yet identified what, if any, experts may be needed in the case.

 (x) Discovery relating to electronically stored information.

See response to Section (c)(iii) above.

 (xi) Preservation of discoverable information, including electronically stored information, the form in which electronically stored information will be produced (i.e., native format, PDF, paper, etc.).

See response to Section (c)(iii) above.

 (xii) Whether—at least initially— to limit discovery of electronically stored information to particular sources or custodians, whether to limit computer searches to agreed search terms or methods and whether the parties agree upon what will be preserved.

The parties agree to preserve all relevant discoverable information. As discovery proceeds, the parties may identify specific preservation issues and address them accordingly.

 (xiii) The proportional need for discovery in the case.

The parties do not foresee extensive discovery in the case.

 (xiv) Consideration of the proposed discovery plan and review of initial disclosures.

The parties agree to the proposed discovery plan set out in Section (c)(ii) above.

 (xv) The possibility of settlement or the use of alternative methods of dispute resolution, including mediation or a settlement conference.

The parties have discussed engaging in alternative dispute resolution after targeted discovery is conducted.

 (xvi) Any need to adopt special procedures for managing potentially difficult or complex issues.

The parties do not see a need to adopt any such special procedures.

(d) The parties propose that the initial disclosures required by Rule 26(a)(1) be completed by March 31, 2023.

(e) The parties propose the discovery plan set forth in Section (c)(ii) above.

(f) The parties' beliefs regarding the matter's suitability for mediation, a settlement conference, or another form of alternative dispute resolution:

The parties agree that private mediation and/or a settlement conference may be beneficial following some initial discovery.

(g) The parties' estimate regarding the probable length of trial:

The parties estimate the length of the bench trial will be four to five days.

(h) The dates mutually convenient with counsel to assign this case for trial:

Counsel believes this matter will be ready for trial in December, 2024.

(i) Whether the parties consent to the jurisdiction of a Magistrate Judge in the matter for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. §636(c).

The parties do not consent to trial by a Magistrate Judge.

RESPECTFULLY SUBMITTED, this the 10th day of March, 2023.

        MILLER HAHN, PLLC

        By: /s/ Bobby R. Miller, Jr.
            Bobby R. Miller, Jr., Esq.
            Van F. Sims, Esq.
            2660 West Park Drive, Suite 2
            Paducah, KY 42001
            Telephone: (270) 554-0051
            Facsimile: (866) 578-2230
            Email: bmiller@millerlaw-firm.com
            Email: vsims@millerlaw-firm.com

and

Allan C. Crane (La. Bar #23700)
365 Canal Street, Suite 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Facsimile: (866) 578-2230
Email: acrane@millerlaw-firm.com

*Attorneys for Limitation Plaintiff, Eric Yaeger*

BATSON NOLAN, PLC

By: /s/ Philip M. Mize (with permission)
    Philip M. Mize, Esq.
    121 South Third Street
    Clarksville, TN 37040
    Telephone: (931) 647-1501
    Facsimile: (931) 436-9760
    Email: pmmize@batsonnolan.com

*Attorney for Limitation Plaintiff, James Adams*

SCHECHTER, SHAFFER & HARRIS, LLP

By: Laura B. De La Cruz (with permission)
    Laura B. De La Cruz, Esq.
    Matthew D. Shaffer, Esq.
    3200 Travis, 3rd Floor
    Houston, TX 77006
    Telephone: (713) 524-3500
    Facsimile: (866) 696-5610
    Email: mshaffer@smslegal.com
    Email: ldelacruz@smslegal.com

and

Wm. Kevin Shannon, Esq.
Bryant Law Center, PSC
601 Washington Street
Paducah, KY 42003
Telephone: (270) 442-1422
Facsimile: (270) 443-8788
Email: kevin.shannon@bryantpsc.com

*Attorneys for Kyle Waldridge*

7

CERTIFICATE OF SERVICE

I hereby certify that I have this the 10th day of March, 2023, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Philip M. Mize, Esq.
Batson Nolan, PLC
121 South Third Street
Clarksville, TN 37040
Telephone: (931) 647-1501
Facsimile: (931) 648-7846
Email: pmmize@batsonnolan.com

*Attorney for Limitation Plaintiff, James Adams*

Wm. Kevin Shannon, Esq.
Bryant Law Center, PSC
601 Washington Street
Paducah, KY 42003
Telephone: (270) 442-1422
Facsimile: (270) 443-8788
Email: kevin.shannon@bryantpsc.com

and

Matthew D. Shaffer, Esq.
Laura B. De La Cruz, Esq.
Schechter, Shaffer & Harris, LLP
3200 Travis, 3rd Floor
Houston, TX 77006
Telephone: (713) 524-3500
Facsimile: (866) 696-5610
Email: mshaffer@smslegal.com
Email: ldelacruz@smslegal.com

*Attorneys for Kyle Waldridge*

            /s/ Bobby R. Miller, Jr.
            Attorney for Limitation Plaintiff, Eric Yaeger